FILED
United States Court of Appeals
Tenth Circuit

August 22, 2024

Christopher M. Wolpert
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

_____

In re: EDWARD CRIST,

       Movant.

No. 24-2113
(D.C. Nos. 1:21-CV-00098-JCH-KBM &
1:16-CR-04356-JCH-KBM-1)
(D. N.M.)

_____

**ORDER**
_____

Before **BACHARACH**, **McHUGH**, and **ROSSMAN**, Circuit Judges.
_____

    Edward Crist, a California prisoner proceeding pro se,[1] moves for authorization to file a second or successive 28 U.S.C. § 2255 motion. For the reasons explained below, we deny authorization.

    In April 2019, Mr. Crist pleaded guilty to one count of interference with interstate commerce by robbery, in violation of 18 U.S.C. § 1951, and one count of being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g) and 924(a). In October 2019, the United States District Court for the District of New Mexico sentenced him to 220 months in prison. In accord with the appellate waiver in his plea agreement, Mr. Crist did not file a direct appeal.

---

[1] Because Mr. Crist represents himself, we construe his filings liberally. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

In February 2021, he challenged his convictions by filing a § 2255 motion; the district court dismissed it with prejudice as time barred. He then sought a certificate of appealability (COA) from this court, which we denied. *United States v. Crist*, No. 22-2090, 2022 WL 17660540 (10th Cir. Dec. 14, 2022).

In March 2024, Mr. Crist filed a habeas petition under 28 U.S.C. § 2241 in the United States District Court for the Central District of California. Finding that his claims challenged the legality of his sentence, the district court construed the petition as a second or successive § 2255 motion and dismissed it for lack of jurisdiction. *See Crist v. Ricolcol*, No. 2:24-02111, 2024 WL 2190987 (C.D. Cal. May 14, 2024).

He now moves for authorization to file a second or successive § 2255 motion, arguing he can meet the standard for authorization based on a new rule of law. To obtain authorization, he must show that his proposed claims rely on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." § 2255(h)(2).

Mr. Crist seeks authorization to present claims that his sentence was improperly calculated and that his attorney's ineffectiveness deprived him of his Sixth Amendment right to counsel and his Fifth Amendment right to due process. But he has not shown that the cases he cites in support of his claims announce a new rule of constitutional law that was made retroactive by the Supreme Court to cases on collateral review.

Because Mr. Crist has not met § 2255(h)'s standards, we deny his motion for authorization. This denial of authorization "shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari." 28 U.S.C. § 2244(b)(3)(E).

                        Entered for the Court

                        CHRISTOPHER M. WOLPERT, Clerk

Case 1:16-cr-04356-JCH-KBM   Document 88   Filed 08/22/24   Page 3 of 4
Appellate Case: 24-2113   Document: 010111099203   Date Filed: 08/22/2024   Page: 3

3

UNITED STATES COURT OF APPEALS FOR THE TENTH CIRCUIT
Byron White United States Courthouse
1823 Stout Street
Denver, Colorado 80257
(303) 844-3157
Clerk@ca10.uscourts.gov

Christopher M. Wolpert  
Clerk of Court

Jane K. Castro  
Chief Deputy Clerk

August 22, 2024

Mr. Edward Crist  
FCI - Victorville Medium I  
P.O. Box 3725  
Adelanto, CA 92301  
#90117-051

**RE:**     **24-2113, In re: Crist**  
            Dist/Ag docket: 1:21-CV-00098-JCH-KBM, 1:16-CR-04356-JCH-KBM-1

Dear Movant:

Enclosed please find an order issued today by the court.

Please contact this office if you have questions.

Sincerely,

Christopher M. Wolpert  
Clerk of Court

cc:     Emil John Kiehne

CMW/klp